Our first case for argument is Lawyers Committee for 9-11 Inquiry v. Garland. Let me just make sure counsel are here. Mr. Harrison. Yes, your honor. I can see you. And Mr. Hogan. Good morning, your honor. Good morning. So Mr. Harrison, you've got 10 minutes, but you've reserved two for rebuttal. So that gives you eight out of the gate. You may proceed. Thank you, your honor. The case below was decided on standing. The plaintiffs are three 9-11 family members, two ground zero responders, two non-profits, and one architect associated with one of those non-profits. There were four counts in the complaint. As your honors know, standing is to be analyzed count by count. The district court erred below on the standing issue first by making a fundamental procedural error, which was to consolidate the analysis of standing of counts two, three, and four as if they were essentially the same. The problem with that is that count two is a First Amendment claim. Counts three and four are mandamus claims. So had the court separated those claims and analyzed the First Amendment claims separately, the standing analysis would be straightforward. As your honors know, there is a three-part test for Article III standing. Injury needs to be shown. Injury, in fact, the injury needs to be traceable to the conduct of the defendants alleged, and the relief requested from the court needs to provide a remedy for that injury if granted. In this case, those requirements are clearly met. The Supreme Court and this court has recognized that even in a First Amendment case where there's not a complete obstruction of a right, but merely the interference, hindering, inconveniencing, discouraging, or chilling of a First Amendment exercise, that... Mr. Harrison, is there a case that identifies a First Amendment right to present evidence to a grand jury? Not to my knowledge, your honor. And that's a key question. The government, I think, attempted to get the impression that there was, and I recall they cited a Sixth Circuit case that was unpublished regarding a pro se prisoner, Grattan, I believe. And in that case, which may be the closest your honor has in either of the briefs to answer the question you've asked, that case also did not answer the question because the pro se plaintiff there, first of all, didn't have a lawyer. So the court denied relief there because that pro se plaintiff did not articulate legal authority on the point your honor just... Is that a problem for you though? That the fact you don't have a case to point to and the cases that have addressed this do seem to be solely or predominantly in the, I guess, prisoner access context. And so I'm sure it seems like it is an issue, but it seems like it's a problem for you. Well, the appellants don't see it as a problem, your honor, but it is a challenge for this court because I think this court may be the first court ever to decide that question. And the reason that I don't believe as counsel that it's a problem for appellants is that the Supreme Court precedent is clear, not on grand jury petitions specifically, but on first amendment petitions to redress generally and in many other contexts, that that first amendment right to petition applies to all branches and all components of the federal government. Counselor, there's no question that you have a first amendment right to petition the government. It's a question of whether you're under the first amendment. The only question is what is the government's responsibility having received that petition? You have no first amendment right to have the government act on the basis of your petition in the way you choose or in any other way, really. I mean, there is no first amendment right on the part of the petitioner to have the government listen to the petition. You can petition, but the government may or may not act on it. I understand your honor's point. And I think the case law agrees with you as far as that goes. There is a developing debate between, I think, the academic community on the law regarding the obligation of the government to respond to a petition. The courts have not yet embraced at the highest level that position. We may evolve there. But at the moment, I think the case law agrees with your honor. The question, though, is how does that apply to this particular situation? And the key distinction is the plaintiff's petition was addressed to the special grand jury seeking a special grand jury investigation, a public report of government misconduct. That, it's true that we delivered it to the U.S. attorney, as your honor, I think, is contemplating. The U.S. attorney chose not to act on it. The U.S. attorney may well have that discretion. The problem lies in not handing it to the other government entity for which it was intended, the special grand jury. And our position isn't that the special grand jury has an obligation to agree with the plaintiffs to even read the petition or respond to it, although we think the grand jury's duties under the Constitution may require them to read it and evaluate it But the problem here, your honor, is that petition was never delivered. This is just a case about delivery. But again, this is a standing issue, right? So now you're back with the statute. So now we're out of the First Amendment. Now we're talking about 18 U.S.C. 3332, right? No, your honor. The delivery question applies to both the First Amendment claim and the mandatory duty claims under 18 U.S.C. 3332A. So it's an issue in both. I was answering Judge Walker's question in my last response. But the standing question, which I started with, is straightforward here. An injury, in fact, exists when a First Amendment right is obstructed or even hindered. In this case, the obstruction is the failure to deliver to the grand jury. So it's clearly traceable to the acts of the defendants. And if your honor gives us an order that says to the U.S. attorney, please deliver the petition to the grand jury, we'll have a remedy for that injury. So there is First Amendment, the standing under the First Amendment claim here. So going quickly to the mandamus claims, although one can argue, as the Southern District of New and as I'm sure as your honors have noted, we agree with that 1985 decision. The problem with the 1985 decision is that even if first of all, it's a Southern District case, so it's not binding on anybody, really. And second, that predates Zaleski, which stands for a totally different proposition and contradict and overrules it, right? I know your honor, Zaleski did not address this particular question. Zaleski was decided on the invoke 18 U.S.C. 3332A because he didn't request the U.S. attorney to deliver his information to the grand jury. So the question was never reached. The court did talk about the question in dicta, and even then qualified its language about what appears might have been the case had the court reached the question. So this court is going to have to address that question in the first instance in this case. Your honor, my eight minutes primary argument time is elapsing. Okay. Well, you've got two minutes for rebuttal. I do. Yes. All right. So thanks. We'll now hear from Mr. Hogan. Thank you. Good morning. May it please the court. In 2018, plaintiffs presented what they called to be a petition to the U.S. attorney's office for the Southern District of that they thought occurred on the morning of September 11th. And they asked the U.S. attorney to present this information to a grand jury pursuant to 18 U.S.C. 3332A. And this case presents two questions for the court's review, though only one was touched upon in appellant's opening argument. The first being whether plaintiffs have standing with respect to their allegation that the U.S. attorney allegedly did not present this to a grand jury. And then second, if this has been those two issues with respect to standing, of course, it's fundamental that plaintiffs have to demonstrate both harm and addressability for there to be standing. And plaintiffs have asserted a bunch of different theories with respect to standing, the First Amendment being one of them. But quickly, they've also asserted other claims that were not mentioned, asserted other theories that were not mentioned in the opening argument with respect to bounties from the State Department if terrorists have brought the justice or special interests about transparency and accountability of 9-11 or prosecuting other people to receive justice. So the government would submit that for all the reasons in its brief. Those have been repeatedly rejected by courts with respect to giving enough for a plaintiff to have standing. But talking specifically about the First Amendment issue, that doesn't somehow fundamentally change the calculus here as plaintiffs want the court to believe simply because, as Judge Lee properly noted, there simply is no case that the government has identified or seemingly appellants that has ever held there is this First Amendment right to communicate and petition directly with the grand jury. Judge Cabranes held as much when he was a district judge in In re New Haven grand jury. The Third Circuit has said so in Baranowski. The DDC has said so in Sibley v. Obama, both of those last two cases being in the 33-32a context. The Sixth Circuit said so in Grattan. And all of this, Your Honors, and I guess I would also know, Your Honors, in a related context, this circuit has held that a defendant doesn't have the right to personally appear before a grand jury that is investigating it. And that's a C.M. Barone from the Second Circuit. So all of this leads one to believe that there is no First Amendment right there. And without that right, then obviously there is no harm that plaintiffs have suffered that gives rise to standing. And all of this, all of these cases so concluding is for good reason. As Judge Cabranes noted in this New Haven case when he was a district judge, to allow a member of the public to directly communicate with the grand jury would, as he put it, open it up to being used, quote, by hook or by crook, to allow people to potentially use the grand jury for improper purposes, as he said, personal vendettas, malicious prosecutions. And it would undermine the very way into the Bill of Rights to protect the rights of the innocent. So, Your Honors, the government would just submit that, and it's happy to talk about any of the other theories of standing that plaintiff has asserted, but to the extent plaintiff is attempting to hang their hat on the First Amendment, the government would just submit that there is no First Amendment right there. And accordingly, it was proper for the district court to, as appellants noted, to consolidate these standing issues into one analysis, because if there is no First Amendment right, then you have to look elsewhere for the harm that could give rise to standing. And turning to the second of these two issues, just briefly, Your Honor, the grand jury materials. It's, of course, fundamental that a grand jury operates in secrecy, and this is a tradition older than our nation, this court has said as much, and the government would just submit that even though there are exceptions related to this grand jury secrecy requirement that are set forth in Federal Rule of Criminal Procedure 6E, they are all plainly inapplicable here. The only one that potentially applies is this idea that a person can get records in connection with another judicial proceeding of some type. But even there, you have to show that there's some type of injustice that will arise in this other proceeding that outweighs the grand jury secrecy concerns. And here, not only- Can I interrupt you for a second, Mr. Hogan? Of course. Judge Gardefee sort of treated this like it was a 12B6 and dismissed for failure to state a claim. Typically, requests for grand jury material are petitions that are then left to the discretion of the court, and their standard of review would be abuse of discretion. So, what should we be doing here? Your Honor, I think that perhaps a fundamental issue here is that in the primary case that the appellants rely on from the Ninth Circuit, even in that case about grand jury materials, they noted a potential jurisdictional issue with respect to the fact that the court is the entity that holds these grand jury materials. And given this application was not made to the court, but rather seemingly to the U.S. Attorney's Office in some way to disclose these materials, that could indeed be a jurisdictional issue that, as I said, was identified in this Ninth Circuit case but has not been raised in this litigation thus far. But to specifically address Your Honor's question, it is indeed the case that it is an abuse of discretion analysis when you are determining whether the lower court properly relied upon or properly analyzed the particularized analysis in way. So, that would be the government's position that it is indeed abuse of discretion, even though, yes, it was done on a 12B6 basis. So, Your Honor, the government's ultimate point here is simply that without any other type of judicial proceeding where these records are needed to outweigh the secrecy concerns that are so fundamental to the grand jury, plaintiffs aren't entitled to these records. And unless the rest on its papers going further, and thank you very much for your time. All right, seeing no further questions, we'll hear again from Mr. Harrison for two minutes of rebuttal. Yes, thank you, Your Honor. The first point is that the government's concerned about improper influence by citizens to a grand jury really wasn't the concern of the framers and is not the intent of the Constitution in creating the grand jury as an independent government entity. The goal is for the grand jury to serve as a protection against the prosecutors, to protect against a politically motivated prosecution, an unjust prosecution. The grand jury cannot serve that constitutional function if it never sees the evidence. If Your Honor gives the U.S. attorney what it wants in this case, it will be able to that it doesn't want prosecuted and withhold exculpatory evidence from a political adversary it does want prosecuted. Let's talk about that because the case law is pretty clear that a defendant, the target of a grand jury investigation doesn't have the right to come in and provide his side of the story, right? Not in person, but the First Amendment would give a right to submit evidence and a petition even for a defendant. I don't know that that's ever been decided, but this First Amendment petition right, the Supreme Court has never carved out an exception for the grand jury or any other government entity. The Constitution creates the grand jury as a government entity and the Supreme Court decisions say all government entities may be petitioned. Is there, can I just ask you, I mean it seems as if I don't understand what sort of limiting principle there would be with your argument. Is it the case then that every organization or every individual who has an interest in a particular topic is if they present something, they're entitled to have the government present that to a grand jury? What are the bounds of this right, the way that you're putting it forward? Your Honor, I would love to answer your question. My rebuttal time just expired. You can answer, that's fine. Thank you, Your Honor. So the limits I think will have to be developed by a case law and maybe by the U.S. Attorney and pragmatically managing the task. I doubt if the floodgate is going to open like the government may be concerned if citizens are allowed to communicate. Before there was a Constitution, citizens did communicate with the grand juries. I'm sorry, just let me, if I can just, this is a constitutional right and so if you're saying that this right means that there is this ability to petition, to have these petitions have evidence brought by individual citizens or organizations to the grand jury, I don't think that it would appropriate just for practical reasons to place limits on that. What's something that we can look to as here's how we limit, here are the limits of this right? Well, the courts have certainly regulated the access to the court's component of the First Amendment in terms of being able to dismiss frivolous lawsuits, having certain preliminary reviews for prisoners' actions, dismissal on standing certainly comes to mind. It's not an impossible task. One of the cases the government cited, TransUnion, which is a very recent Supreme Court case of last year, points out that there may be an inconvenience and a burden in some cases from the exercise of constitutional rights, but if an inconvenience to the government comes up against protecting the right, the inconvenience has to give way and the right has to be honored. And that's our position here. It is a pretty much a new question, your honor, for each of your honors to struggle with and decide. I wish you the best of luck with that. I think it's an important public interest question. I have one more question. Traditionally, the grand jury has been seen as really an arm of the court, of the district court. The district court impanels the grand jury, the district court resolves any legal questions that arise during grand jury proceedings, the results of any grand jury proceedings, whether it's a report or an indictment are presented to the district court. And it seems to me that I was surprised you decided to proceed by petitioning the government or sending the petition to the government to go to the grand jury as opposed to just going into court and asking for a relief that way. It's a fascinating question, your honor. That option exists under exactly the same statute that we use to appeal to the U.S. attorney. The difference is, as I read the statute, and I'd be happy to be corrected by your honor, there is a mandatory duty imposed by Congress on the U.S. attorney to relay reports to crimes by citizens to the grand jury. I did not notice language in that statute or anywhere else that imposes a mandatory duty on the district court to relay evidence to a grand jury. I believe that's within the district court's discretion. And at the moment, that is the reason we did not go down that path. All right. Well, thank you both. We will reserve decision.